UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
───────────────────────────────────────

NICHOLAS S.,

                Plaintiff,

-against-                              5:23-CV-1613 (LEK/MJK)

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
───────────────────────────────────────

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

Plaintiff Nicholas S. filed this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a final decision by the Commissioner of Social Security. Dkt. No. 1 ("Complaint"). Both parties filed motions for judgment on the pleadings supporting their respective positions, Dkt. No. 12 ("Plaintiff's Motion"), Dkt. No. 18 ("Defendant's Motion"), and Plaintiff filed a reply, Dkt. No. 20. On November 14, 2024, the Honorable Mitchell J. Katz, United States Magistrate Judge, issued a report and recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(d). Dkt. No. 22 ("Report and Recommendation"). In the Report and Recommendation, Judge Katz recommended denying Plaintiff's Motion, granting Defendant's Motion, affirming the decision of the Commissioner, and dismissing the Complaint. *Id.* at 24.

Plaintiff filed objections to the Report and Recommendation, Dkt. No. 23 ("Objections"), and Defendant filed a response, Dkt. No. 24 ("Response"). For the reasons that follow, the Report and Recommendation is adopted.

## II.     BACKGROUND

In the Report and Recommendation, Judge Katz assessed the two main arguments asserted in Plaintiff's Motion: (1) the ALJ failed to properly evaluate the opinion evidence of Dr. Slowik and (2) the ALJ failed to evaluate and explain Plaintiff's subjective complaints and stated reasons for noncompliance with his treatment. *Id.* at 7.

With respect to the first argument, Judge Katz noted Dr. Slowik's opinion that Plaintiff's ability to sustain an ordinary routine was "moderately-to-markedly limited." *Id.* at 12. Judge Katz explained that "the ALJ found that Dr. Slowik's opinion was somewhat persuasive." *Id.* (internal quotations omitted). Judge Katz then detailed specific parts of Dr. Slowik's opinion, finding that the "ALJ reasonably concluded that [] Dr. Slowik's opinion for marked limitations was not supported by her unremarkable examination findings." *Id.* at 13. Judge Katz also found that Dr. Slowik's opinion was "inconsistent with [P]laintiff's longitudinal medical record," citing various medical records in the administrative transcript, Dkt. No. 9 ("Administrative Transcript"). R. & R. at 14. As such, Judge Katz recommended that remand on this issue is not warranted. *Id.* at 17.

Regarding Plaintiff's second contention, Judge Katz found that Plaintiff's subjective complaints were "not entirely consistent with the longitudinal record and opinion evidence." *Id.* at 19. Judge Katz detailed several pieces of medical evidence in the record that would support the ALJ's finding. *Id.* at 19–20. Judge Katz then discussed Plaintiff's stated reasons for noncompliance with his treatment, writing, "the ALJ noted that [P]laintiff stopped medications with more benign side effects such as weight gain, and some nausea when he did not take the medication with food." *Id.* at 22. Lastly, Judge Katz found that "[e]ven if the ALJ failed to properly evaluate whether [P]laintiff's noncompliance was a symptom of his schizophrenia, the

2

failure to do so would have been harmless error, as the record is replete with evidence on which the ALJ relied in crafting [P]laintiff's RFC and his determination that [P]laintiff was not disabled." *Id.* at 24. Accordingly, Judge Katz recommended affirming the Commissioner's decision. *Id.* at 24.

### III. LEGAL STANDARD

"Rule 72 of the Federal Rules of Civil Procedure and Title 28 United States Code Section 636 govern the review of decisions rendered by Magistrate Judges." *A.V. by Versace, Inc. v. Gianni Versace, S.p.A.*, 191 F. Supp. 2d 404, 405 (S.D.N.Y. 2002). Review of decisions rendered by Magistrate Judges are also governed by the Local Rules. *See* N.D.N.Y. L.R. 72.1. As 28 U.S.C. § 636(b)(1) states:

> Within fourteen days after being served with a copy [of the Magistrate Judge's report and recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of [the] court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

When written objections are filed and the district court conducts a de novo review, that "*de novo* determination does not require the Court to conduct a new hearing; rather, it mandates that the Court give fresh consideration to those issues to which specific objections have been made." *A.V. by Versace*, 191 F. Supp. 2d at 406.

"The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record." *DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009). "When a party

makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the [report and recommendation] strictly for clear error." *N.Y.C. Dist. Council of Carpenters Pension Fund v. Forde*, 341 F. Supp. 3d 334, 336 (S.D.N.Y. 2018) (quoting *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009)).

## IV. DISCUSSION

Plaintiff objects to the Report and Recommendation on two main grounds. First, Plaintiff contends that Judge Katz erred in recommending to affirm the ALJ's "rejection of the opinion of consultative examiner, Dr. [Slowik]." Obj. at 1. Second, "Plaintiff objects to the Magistrate Judge's recommendation that the Court affirm the ALJ's rejection of Plaintiff's subjective complaints." *Id.* at 5.

At the outset, the Court observes that Plaintiff's objections mirror the arguments presented in Plaintiff's Motion. Mindful of the rule that no party be allowed a second bite at the apple by simply relitigating a prior argument, the Court reviews the Report and Recommendation for clear error. *See N.Y.C. Dist. Council of Carpenters*, 341 F. Supp. 3d at 336.

### A. Dr. Slowik's opinion

Plaintiff argues that the Commissioner's decision must be remanded because "the ALJ did not properly discuss the required supportability and consistency factors when evaluating Dr. [Slowik]'s opinion." Obj. at 5. Specifically, Plaintiff contends that neither Judge Katz nor the ALJ "explained how Dr. Slowik's one time observations . . . conflicted with her opinion regarding Plaintiff's ability to sustain an ordinary routine" and with Plaintiff's medical record. *Id.* at 3. The Court disagrees.

Pursuant to 20 C.F.R. § 404.1520c(b)(2), the ALJ "will explain how [they] considered the supportability and consistency factors for a medical source's medical opinions." Here, Judge

4

Katz committed no clear error in finding that the ALJ satisfied this condition. Judge Katz specifically mentioned how "the ALJ rejected Dr. Slowik's opinion for marked limitations, noting that such limitations were 'not consistent with the objective clinical findings of her mental status exam or the objective clinical findings of mental status exams that were included in the treatment records [from other sources]." R. & R. at 12. (quoting Admin. Tr. at 23). Plaintiff argues this is analogous to *Melissa S. v. Comm'r of Soc. Sec.*, No. 21-CV-420, 2022 WL 1091608, at *4 (N.D.N.Y. Apr. 12, 2022), where "the ALJ d[id] nothing more than state that the opinion is inconsistent with the record but offer[ed] no explanation as to how that is true." But in *Melissa S.*, the ALJ did not "identify any specific inconsistencies, making it difficult for the [c]ourt to assess his conclusions." *Id.* at *4. Here, as Judge Katz noted, the ALJ identified "the objective clinical findings of [Dr. Slowik's] mental status exam" and "the objective clinical findings of mental status exams that were included in the treatment records from Cortland County Department of Mental Health and the Emergency Department visits at Cortland Hospital." Admin. Tr. at 23, *see* R. & R. at 12. Since Judge Katz found that the ALJ identified specific inconsistencies when rejecting Dr. Slowik's opinion for marked limitations, he did not commit clear error. Remand on this ground is not warranted.

### B. Plaintiff's Subjective Complaints

Second, Plaintiff argues that "the ALJ either disregarded relevant reasons for Plaintiff's noncompliance or posed improper and/or inappropriate rationales instead." Obj. at 5. This objection restates an argument presented in Plaintiff's Brief, *see* Pl. Br. at 15, which Judge Katz rejected. Although Plaintiff contends that Judge Katz "failed to [] acknowledge" this argument, *id.*, the Report and Recommendation clearly considers it. *See* R. & R. at 21 ("[P]laintiff takes issue with the ALJ's perceived failure to 'consider or credit [P]laintiff's stated reasons for his

5

lack of compliance' with his psychiatric medications and irregular attendance at mental health appointments. . . . The court finds [P]laintiff's contention to be without merit. . . [as] the ALJ *expressly* considered [P]laintiff's report."). Since Plaintiff "simply reiterates [his] original arguments," the Court will review this part of the Report and Recommendation for clear error. *N.Y.C. Dist. Council of Carpenters*, 341 F. Supp. 3d at 336.

Plaintiff contends that Judge Katz "cherry pick[ed] the evidence[,] . . . address[ing] some of Plaintiff's daily activities, but blatantly omitt[ing] [other] part[s]." Obj. at 5. However, as Judge Katz correctly noted, "the failure to specifically reference a particular relevant factor does not undermine the ALJ's assessment as long as there is substantial evidence supporting the determination." R. & R. at 18–19. And substantial evidence is what Judge Katz found. The Report and Recommendation notes several pieces of evidence which support the ALJ's finding that Plaintiff's subjective allegations were inconsistent with his longitudinal record and other medical opinions. *See, e.g.*, *id.* at 19 ("Mental status exams reported by Helen Haldane, NP Beach and the Cortland Hospital Emergency Room Department were generally within normal range."); *id.* at 20 ("[T]he ALJ also considered [P]laintiff's daily living activities, including the fact that [P]laintiff lived alone, took care of his apartment, cleaned, designed advertising banners, socialized, and played basketball."); *id.* ("[T]he ALJ also considered the assessments of Drs. Penny, Hennessey, and [Slowik], all of whom opined that [P]laintiff was capable of working, subject to certain limitations, which the court concludes were factored into the ALJ's RFC which is supported by substantial evidence."). Therefore, Judge Katz did not commit clear error when he found that the ALJ's rejection of Plaintiff's subjective complaints was supported by substantial evidence. Plaintiff's Objections are without merit.

V.   **CONCLUSION**

Accordingly, it is hereby:

**ORDERED**, that the Report and Recommendation, Dkt. No. 22, is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that Plaintiff's Motion for judgment on the pleadings, Dkt. No. 12, is **DENIED**; and it is further

**ORDERED**, that Defendant's Motion for judgment on the pleadings, Dkt. No. 18, is **GRANTED**; and it is further

**ORDERED**, that Plaintiff's Complaint, Dkt. No. 1, is **DISMISSED**; and it is further

**ORDERED**, that the Clerk close this action; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   March 20, 2025
         Albany, New York

LAWRENCE E. KAHN
United States District Judge